ISAAC HOGE

*v.*

THE STATE OF ILLINOIS.

*Opinion filed November 15, 1892.*

1. STATUTE OF LIMITATIONS—*unadjusted claims must be filed within two years.* Claims must be filed with the Auditor within two years after cause of action accrues.

2. SAME—*what acts will not take claim out of statute of limitations.* The fact that claimant's attorney presented his claim to the Secretary of State, and to other officers not authorized to receive it, within two years from the time the cause of action accrued, does not take the claim out of the statute of limitations.

The claim filed in this case is for damages done to crops and lands caused by a break on the Illinois and Michigan canal. The break in the canal and the damages done to claimant's land, occurred on the 23d day of July, A. D. 1883. The petition was filed with the Auditor on the 5th day of August, A. D. 1889.

The Attorney General on the part of the State files his plea interposing as a defense the statute of limitations, and by agreement of the parties this cause is submitted for decision upon the plea thus filed.

The facts set forth in the affidavit of E. Sanford, attorney for the complainant, is relied upon as an excuse for failing to file the claim writeen two years after the cause of action accrued.

It appears from the affidavit as well as the petition on file that the break in the canal occurred on the 23d, day of July, 1883. On the 12th day of the following September the claimant employed E. Sanford, to take such steps as were deemed necessary to procure for claimant compensation for said damage. In February, 1885, claimant's attorney presented a petition, such a one as is filed in this cause, to the Secretary of State, and requested secretary to file said petition. Upon being informed that the proper place to file said claim, was with the Auditor, the claimant thereupon, applied to that officer to have said petition filed. Upon a represen-

tation, secured from some one in the Auditor's office, the claim was withdrawn, and not then filed with the Auditor. The claim was presented to two of the former Commissioners of Claims who it seems advised claimant to present the claim to the Canal Commissioners and it was afterwards presented to the General Assembly of the State of Illinois, and finally on the fifth day of August, 1889, claimant filed his petition with the Auditor, and thus for the first time it came here for a hearing. This Commission has repeatedly decided that claims not filed with the Auditor within two years from the time the cause of action accrued are barred by the statute of limitations, and we are of the opinion that the sevearl acts set forth in the affidavit, filed in this case, are not such as amount to a filing of such claim, within two years. The claimant must be held to have known that it was his duty to have filed his claim within two years after his cause of action accrued, with the Auditor of Public Accounts, and not having done so, his claim is barred by the statute of limitations.